Dawson *vs.* Figueiro.

---

No. 67.—ANDREW H. H. DAWSON, assignee, plaintiff in error, *vs.* FORTUNITO J. FIGUEIRO, defendant.

[1.] By the Act of 1818, to prevent debtors from assigning their property to some of their creditors, in preference to others, an assignment from which any creditor is excluded, is void as to him.

Certiorari, from Richmond Superior Court. Decision by Judge HOLT.

The facts of this case are as follows:

F. J. Figueiro sued John J. Byrd, in the Court of Common Pleas in the City of Augusta, on a note for $175, dated February 23, 1852, payable to Cromelien & Brother, and indorsed by them.

The plaintiff obtained judgment in this action. Pending suit, he had caused a summons of garnishment to be issued to Andrew H. H. Dawson, who answered that he had in his hands assets to the amount of about nine hundred and fifty dollars, which he held by virtue of a deed of assignment, executed on the 7th September, 1852; by which deed, Byrd had conveyed to Dawson the assets in question, to collect and realize the same, and "to pay to each and all of said Byrd's creditors the full sum due and coming to them from him, and a full and complete list of whom, with the true amount due to each, is contained in the exhibit hereto annexed, and marked C".

The deed went on to provide, that "if there was not enough to pay off and satisfy each and all my (said Byrd's) creditors, then to pay them *pro rata*, in proportion to the amount due and owing to each; and if the proceeds, as aforesaid, be more than sufficient to pay and satisfy every one of my creditors, then to pay and return to me the balance that may be left, if any, after paying all my creditors as aforesaid".

In the list of creditors annexed to this deed, the name of Figueiro did not appear; the names of Cromelien & Brother did appear as creditors, to the amount of $488$\frac{25}{100}$.

The Court of Common Pleas, held that this deed was void, as against creditors, and gave judgment against the garnishee, for the full amount of the judgment against defendant. From this judgment the garnishee sued out a *certiorari* from the Superior Court; and, on the hearing, the Superior Court affirmed the decision of the Court of Common Pleas: and on this decision error is assigned.

ANDREW H. H. DAWSON, for plaintiff in error.

G. J. & W. SCHLEY, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The Act of 1818, to prevent assignments to a portion of creditors, to the exclusion and injury of the other creditors, of persons who fail in trade, or who are indebted, at the time of such assignment, has in it these words:

"That any person or persons, unable to pay his, her or their debts, who shall, at any time hereafter, make any assignment or transfer of real or personal property, stock in trade, debts, dues or demands, in trust to any person or persons, in satisfaction or payment of any debt or demand, or in part thereof, for the use and benefit of his, her or their creditor or creditors, or for the use and benefit of any other person or persons, by which any creditor of the said debtor shall or may be excluded from an equal share or portion of the estate so assigned or transferred, such assignment, transfer, deed or conveyance shall be null and void, and considered, in Law and Equity, as fraudulent against creditors". If the assignment is one "by which any creditor shall or may be excluded from an equal share" of the estate assigned, the assignment is to be null and void.

Figueiro was the creditor of Byrd, the assignor. He was such by being the indorsee of Cromelien & Brother, the payees of the note in suit, made by Byrd. Figueiro is entirely "excluded" from the assignment. Cromelien & Brother are, it is true, included in the assignment, but not as the owners of this note. They are included in the assignment, as the owners of a note for $488$\frac{25}{100}$. So, as to the note in this case, which is for $175, both Figueiro, the present holder, and Cromelien & Brother, the former holders, are "excluded" from the assignment.

The assignment, therefore, as to Figueiro, is void.

And the assignment being void, as to him, the property attempted to be assigned remained, as to Figueiro, the property

of Byrd, notwithstanding the assignment; and the property being in the hands of Mr. Dawson, it was subject to this garnishment.

The judgment of the Court, to that effect, ought, therefore, to be affirmed.